# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT KNOXVILLE

## JULY SESSION, 1997

FILED

August 29, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 03C01-9612-CR-00465 |
| | ) | |
| Appellee, | ) | |
| | ) | CUMBERLAND COUNTY |
| | ) | |
| V. | ) | |
| | ) | HON. LEON C. BURNS, JR., JUDGE |
| KELLY COLSON, | ) | |
| | ) | |
| Appellant. | ) | (PRE-TRIAL DIVERSION - RULE 9) |

FOR THE APPELLANT:

**JAMES D. WHITE, JR.**
101 Green Street
Celina, TN 38551

FOR THE APPELLEE:

**JOHN KNOX WALKUP**
Attorney General & Reporter

**PETER M. COUGHLAN**
Assistant Attorney General
425 Fifth Avenue North
2nd Floor, Cordell Hull Building
Nashville, TN 37243

**WILLIAM EDWARD GIBSON**
District Attorney General

**DAVID A. PATTERSON**
Assistant District Attorney General
74 East Second Street
Crossville, TN 38555

OPINION FILED _____

AFFIRMED

THOMAS T. WOODALL, JUDGE

# OPINION

In an indictment returned by the Cumberland County grand jury, the Defendant, Kelly Colson, was charged with the offense of vehicular homicide caused by the reckless killing of the victim as the proximate result of conduct creating a substantial risk of death or serious bodily injury, in violation of Tennessee Code Annotated section 39-13-213(a)(1), a Class C felony. Defendant subsequently filed an Application for Pre-Trial Diversion. The District Attorney General declined to agree to pre-trial diversion. Subsequently, Defendant filed a Petition for Writ of Certiorari to the trial court. After a hearing, the trial court entered an order denying the petition, from which this court granted Defendant's Application for Permission to Appeal pursuant to Rule 9, Tennessee Rules of Appellate Procedure. We affirm the judgment of the trial court.

The District Attorney declined to grant pre-trial diversion to Defendant for three reasons: (1) Since the offense committed by the Defendant caused the death to another and was a Class C felony, the granting of pre-trial diversion would "deprecate the deterrent effect as to this Defendant and others regarding this serious offense;" (2) the Defendant had been "charged and convicted" of three other offenses occurring at the same time as the vehicular homicide, including illegal possession of a radar detector, alteration of a medical certificate, and "no record of duty status," which indicated the Defendant was willfully and consciously violating the law at the time of the offense; and (3) the Defendant had five (5) speeding violations occurring from February 16, 1993 through May 29, 1995, four (4) of which were issued to Defendant while he was operating a

commercial vehicle, which demonstrated that the Defendant had previously operated a motor vehicle on public roads in a manner which was unsafe to himself and other motorists and did not have the ability or desire to conform his behavior to the confines of the law.

The Defendant relies upon State v. Hammersley, 650 S.W.2d 352 (Tenn. 1983), and State v. Herron, 767 S.W.2d 151 (Tenn. 1989), in support of his argument that the prosecutor did not consider all relevant factors in making the decision to deny pre-trial diversion. The Defendant also argues that the prosecutor failed to state why the factors he relied upon outweighed the remaining factors submitted for his consideration. Based upon our review of the entire record, including the written notice of denial of pre-trial diversion, the prosecutor's testimony at the hearing on the Petition for Writ of Certiorari, and the prosecutor's statements to the judge, we respectfully disagree with the Defendant's assertions.

We do agree that the first factor relied upon by the prosecutor, that pre-trial diversion should not be granted in a case of vehicular homicide based upon conduct creating a substantial risk of death or serious bodily injury, was inappropriate. In essence, the District Attorney stated that he felt this offense involving the death of a person should not be considered for pre-trial diversion because it would deprecate the deterrent effect to the Defendant and others who might be charged with the same offense. The offense that Defendant is charged with committing is an offense eligible for consideration of pre-trial diversion. Tenn. Code Ann. § 40-15-105(a)(1)(A). Therefore, this reason was not proper to deny pre-trial diversion. See State v. Hammersley, 650 S.W.2d 352, 356 (Tenn. 1983).

However, as observed by our court in <u>State v. Carr</u>, 861 S.W.2d 850, 857 (Tenn. Crim. App. 1993), "the fact that one of the reasons given for the denial was inappropriate, does not foreclose a determination that substantial evidence still remains to support the prosecutor's decision."

The record in this case provides substantial evidence to support the remaining reasons for the prosecutor to deny Defendant the availability of pre-trial diversion.  We find that the trial court properly considered the entire record and arrived at the correct conclusion that the prosecutor had not abused his discretion.

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, Judge

CONCUR:

_____
DAVID H. WELLES, Judge

_____
JOHN K. BYERS, Senior Judge